UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JERRY LEE AUSTIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:16-cv-00819-TWP-TAB |
| ) | |
| RYAN W. TANSELLE HENDRICKS ) | |
| COUNTY COURT APPOINTED APPEAL ) | |
| ATTORNEY, ) | |
| ) | |
| Defendant. ) | |

**Entry Granting Motion to Proceed *in forma pauperis*,
Dismissing Complaint, and Directing Further Proceedings**

**I.**

The plaintiff's motion to proceed *in forma pauperis* [dkt 2] is **granted**.

**II.**

Plaintiff Jerry Lee Austin brings this action pursuant to 42 U.S.C. § 1983 against his court appointed appellate attorney and asserts that his attorney failed to represent him appropriately on appeal. The complaint is now subject to the screening requirement of 28 U.S.C. § 1915(e)(2)(B). This statute provides that a court shall dismiss a case at any time if the court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

The complaint must be **dismissed for lack of jurisdiction**. Subject to exceptions not implicated by the circumstances of this case, "[a] federal court may exercise jurisdiction where: 1) the requirements for diversity jurisdiction set forth in 28 U.S.C. § 1332 are met; or 2) the matter arises under the Constitution, laws, or treaties of the United States as provided in 28 U.S.C. § 1331." *Barringer-Willis v. Healthsource North Carolina,* 14 F. Supp. 2d 780, 781 (E.D.N.C.

1998). "'A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case.'" *Home Builders Ass'n of Miss., Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund,* 81 F.3d 1182, 1187 (2d Cir. 1996)). The Court of Appeals has repeatedly held that "the party invoking federal jurisdiction bears the burden of demonstrating its existence." *See Hart v. FedEx Ground Pkg. Sys. Inc.,* 457 F.3d 675, 679 (7th Cir. 2006).

Here, the plaintiff has not satisfied the requirements for diversity jurisdiction because, while he does not identify the citizenship of the parties, it appears that the parties are both citizens of Indiana. In addition, the plaintiff has established no basis for federal jurisdiction over his claims. To the extent he alleges his claims under § 1983 he cannot bring a lawsuit pursuant to § 1983 against a public defender. Under authority established for more than a generation, the defendant did not act under color of state law when representing the plaintiff in the criminal proceeding, even if paid by public funds. *See Polk County v. Dodson,* 454 U.S. 312, 324 (1981)(public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal case); *Russell v. Millsap,* 781 F.2d 381, 383 (5th Cir. 1985) (retained counsel does not act under color of state law). Because there was no action "under color of state law" when the defendant represented the plaintiff in an Indiana state court, there is no viable claim for relief pursuant to § 1983.

The plaintiff shall have **through May 18, 2016**, in which to show cause why this action should not be dismissed for lack of jurisdiction. His motion for an extension of time of 730 days to file a "response of appropriate names at the best of my knowledge" is **denied**.

**IT IS SO ORDERED.**

Date: 4/19/2016

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JERRY LEE AUSTIN
5419 W. Hanna Ave
Indianapolis, IN 46221